IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT D. HEARNE, | ) |
|           Petitioner, | ) ) ) |
|     v. | ) ) C.A. No. 22-630 (MN) |
| ROBERT MAY, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | ) ) ) ) ) |
|           Respondents. | ) |

**<u>MEMORANDUM ORDER</u>**

At Wilmington, this 8th day of June 2022:

## I.    BACKGROUND

Petitioner Robert D. Hearne has filed a habeas Petition (D.I. 1) and Memorandum in Support (D.I 4) asserting six Claims for relief: (1) the charging instrument (*i.e.*, the indictment) was insufficient (D.I. 4 at 45-46); (2) defense counsel provided ineffective assistance in five specific instances,[1] and the Delaware courts improperly applied *Strickland v. Washington*, 466 U.S. 668 (1984) in his Rule 61 proceeding by considering only one (Claim Two (d)) of the five ineffective assistance of counsel claims presented in his original *pro se* Rule 61 motion; (3) the Delaware Supreme Court's denial of Petitioner's challenge to the insufficient charging instrument was contrary to Supreme Court precedent; (4) there was insufficient evidence to support his

---

[1] Claim Two asserts the following five allegations of ineffective assistance of counsel: (a) defense counsel failed to recognize the insufficiency of the indictment (D.I. 4 at 47-48); (b) defense counsel failed to properly challenge the State's ability to produce any evidence of "corpus delicti" as statutorily mandated by Title 11, § 205(e) for any of the 21 counts in the indictment (D.I. 4 at 48); (c) defense counsel failed to object to the inadequate jury instructions (D.I. 4 at 49-50); (d) defense counsel failed to request a bill of particulars (D.I. 4 at 50-52); and (e) defense counsel did not know or understand the applicable rules and principles (D.I. 4 at 52- 55).

conviction; (5) defense counsel did not know or understand the applicable rules and principles; and (6) the trial court supplied inadequate jury instructions. (D.I. 4). Petitioner has also filed a Motion to Stay his habeas proceeding in order to exhaust state remedies for Claim One (and relatedly, Claim Three); Claim Two (a), (b), (c), (e), (and relatedly, Claim Five); Claim Four; and Claim Six. (D.I. 5 at 3). Petitioner explains that he presented Claims One, Two, Four, Five, and Six to the Superior Court in his original *pro se* Rule 61 motion, but post-conviction counsel did not include any of those claims in the amended Rule 61 motion that that the Superior Court actually considered and rejected. (D.I. 5)

## II.   LEGAL STANDARDS

A federal habeas petition containing both exhausted and unexhausted habeas claims is referred to as a "mixed petition."[2] *See generally Rose v. Lundy*, 455 U.S. 509 (1982). A district court must dismiss a mixed petition in its entirety without prejudice in order to give the petitioner an opportunity to present the unexhausted claims to the state courts. *See Rhines v. Weber*, 544 U.S. 269, 273–75 (2005); *Pliler v. Ford*, 542 U.S. 225 (2004). Yet, because there is a one-year statute of limitations for filing habeas petitions, there are cases where an outright dismissal of the mixed petition could jeopardize the petitioner's ability to obtain federal review of his unexhausted claims once he does exhaust state remedies. *See Rhines*, 544 U.S. at 275. In such situations, a district court may stay the habeas proceeding in order to enable the petitioner to return to state court and exhaust state remedies, but only if the court determines that the petitioner "had good cause for his

---

[2]   In contrast, a petition containing exhausted claims and *procedurally defaulted* claims is not considered a mixed petition. *See Slutzker v. Johnson*, 393 F.3d 373, 380 (3d Cir. 2004) (exhaustion of procedurally defaulted claims is not required because "pursuit of state remedies would be futile."); *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir.1993) (A "petition containing unexhausted but procedurally barred claims in addition to exhausted claims []is not a mixed petition.").

failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278; *compare with Crews v. Horn*, 360 F.3d 146, 154 (3d Cir.2004) (holding that "a stay is the only appropriate course of action" for a mixed petition "when an outright dismissal could jeopardize the timeliness of a collateral attack."). Good cause typically requires a showing that exhaustion will likely result in the petition being time-barred by the one-year limitations period in 28 U.S.C. § 2244. *See Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013) ("In *Heleva*, we observed that the time remaining on the one-year clock to file a federal habeas petition could reasonably be a component in the 'good cause' determination from *Rhines*."); *Heleva v. Brooks*, 581 F.3d 187, 190-92 (3d Cir. 2009).

### III.    DISCUSSION

Petitioner exhausted state remedies for Claims One and Six because he presented those arguments in his direct appeal.[3] *See Hearne v. State*, 176 A.3d 715 (Table), 2017 WL 6336910, at *3-4 (Del. Dec. 11, 2017). Petitioner also exhausted state remedies for Claim Two (d) by presenting it to the Delaware state courts in his amended Rule 61 motion. As far as the Court can tell, however, the remaining Claims in the Petition have not been exhausted. Although Petitioner presented several similar, if not identical, claims in his original *pro se* Rule 61 motion, those claims are unexhausted because they were not included in the amended Rule 61 motion filed by his post-conviction counsel and considered by the Superior Court. (D.I. 4-8 at 2-28). Given these circumstances, the instant Petition is a mixed petition containing both exhausted and unexhausted claims for relief.

---

[3]    Claim Three – which asserts that the Delaware Supreme Court's denial of Petitioner's challenge to the insufficient charging instrument was contrary to Supreme Court precedent – actually acknowledges that Petitioner exhausted state remedies for Claim One.

After considering the factors set forth in *Rhines*, the Court concludes that the most prudent course of action is to stay the instant proceeding instead of dismissing the case without prejudice. The Court cannot say that Petitioner's unexhausted Claims in the instant Petition are plainly meritless, and there is no evidence that Petitioner has engaged in dilatory tactics. In turn, while it is unclear whether the instant mixed Petition[4] is timely filed,[5] it appears that the Petition will most

---

[4] Although the Court acknowledges the possibility that the Delaware state courts may find that the instant unexhausted claims are procedurally barred as second or subsequent under Delaware Superior Court Criminal Rule 61(d)(2) and 61(i)(2) – which would mean that the instant Petition is not mixed – "that determination [of procedural default/bar] must be made in the first instance by the state court." *Wesling v. Tice*, 2020 WL 4754254, at *11 (M.D. Pa. Aug. 17, 2020).

[5] Petitioner asserts that the instant Petition is timely filed, with one day remaining in the applicable one-year statute of limitations. (D.I. 1 at 14). The Court's preliminary review, however, indicates that the Petition is time-barred by three days. The Court reaches this conclusion as a result of the following computation: The Delaware Supreme Court affirmed Petitioner's conviction on December 11, 2017, and the ninety-day period for certiorari review ended on March 12, 2018. Nevertheless, the one-year limitations period did not actually begin to run until March 23, 2018, the day after the Delaware Superior Court denied the motion for modification of sentence (*See* D.I. 4 at 9-10, Entry No. 47) that Petitioner filed during the pendency of his direct appeal. The limitations clock then ran 61 days until Petitioner filed his original *pro se* Rule 61 motion on May 23, 2018. The Rule 61 motion tolled the limitations period from May 23, 2018 through July 7, 2021, the date on which the Delaware Supreme Court affirmed the Superior Court's denial of Petitioner's Rule 61 motion. *See Hearne v. State*, 256 A.3d 756 (Table), 2021 WL 2826451, at *1 (Del. July 7, 2021). The limitations clock started to run again on July 8, 2021, and ran the remaining 304 days without interruption until the limitations period expired on May 9, 2022. Since Petitioner filed the instant Petition on May 12, 2022, (D.I. 1 at 15), it would appear that the Petition is time-barred.

As Petitioner notes, however, the amended Rule 61 motion filed by his post-conviction counsel contains a statement that the amended Rule 61 motion "merely supplements" his original *pro se* Rule 61 motion, and the amended Rule 61 motion refers to "claims" in the plural even though the amended motion itself only raises one claim. (D.I. 4-8 at 9). Notably, the Superior Court only considered the sole claim explicitly presented in the amended Rule 61 motion, which corresponds with Claim Two (d) of Petitioner's habeas Petition. While unlikely, Petitioner's confusion that was created by the inconsistency within the amended Rule 61 motion may provide an equitable reason for the Court to toll the limitations period and find the Petition timely filed. *See Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010) (explaining that AEDPA's statute of limitations is not jurisdictional and "does not set forth an inflexible rule requiring dismissal whenever its clock has run."). The

likely be time-barred once Petitioner has exhausted state remedies for his unexhausted claims. Given these circumstances, the Court concludes that there is good cause to stay this case. Accordingly, the Court will grant Petitioner's Motion to Stay the instant proceeding. (D.I. 5).

Petitioner has also filed a Motion for Leave to File Excess Pages. (D.I. 6). The Court construes the Motion as requesting permission to exceed the 20-page limit set forth in D. Del. LR 7.1.3(a)(4) for his Petition (D.I. 1) and Memorandum in Support (D.I. 4) that he already filed. So construed, the Court will grant Petitioner's Motion for Leave to File Excess Pages.

### IV. CONCLUSION

THEREFORE, for the reasons set forth above, IT IS HEREBY ORDERED that Petitioner's Motion to Stay the instant proceeding (D.I. 5) and his Motion for Leave to File Excess Pages (D.I. 6) are GRANTED and this case is STAYED. Petitioner shall file a request to lift the stay within 30 days after the exhaustion of his unexhausted claims.

_____
The Honorable Maryellen Noreika
United States District Judge

---

Court notes that this brief discussion of the limitations period does not foreclose the State from arguing that the instant Petition is time-barred. Rather, the Court is merely explaining why it believes a stay is warranted.